**Skeljzen PEPAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,* Respondent.**

No. 02–4825–AG.

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

Glenn T. Terk, Wethersfield, Connecticut, for Appellant.

Jefferson M. Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED**.

Petitioner Skeljzen Pepaj petitions for review of the October 2002 order of the BIA affirming the decision of the Immigration Judge ("IJ") to deny as untimely his application for asylum, and denying as meritless his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed. Because the BIA summarily affirmed the decision of the IJ, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). Even assuming that this Court has jurisdiction over Pepaj's petition as to his asylum application, Pepaj has not demonstrated that extraordinary circumstances existed justifying his untimely filing of his asylum application. He contends that such circumstances existed because he had received temporary protected status upon his arrival to the United States. However, as Pepaj has not given any dates for

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

his alleged temporary protected status, he has failed to demonstrate that he held temporary protected status until a reasonable time before the filing of his application. Further, he has failed to demonstrate any extraordinary circumstances justifying his untimely filing. Accordingly, the IJ correctly denied his asylum application.

To the extent that Pepaj challenges the BIA's rejection of his withholding of removal and CAT claims, the denial of both claims was supported by substantial evidence. *See Secaida–Rosales*, 331 F.3d at 306–07. With respect to his withholding of removal claim, Pepaj has failed to show a clear probability that he will suffer persecution in the country of removal, because he conceded during the IJ's hearing that the war in Kosovo had ended, and that there was no one in Kosovo who would wish to harm him upon his return. *See INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The Government has demonstrated changed country conditions undermining his claim. *See Islami v. Gonzales*, 412 F.3d 391, 397–98 (2d Cir.2005). With respect to his CAT claim, he has not shown that "it is more likely than not that he . . . w[ill] be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

For the foregoing reasons, the petition for review is DENIED.